# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO.: 5:96 CR 2

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ISAAC KENNETH CALL, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**THIS MATTER** is before the Court on Defendant Isaac Kenneth Call's ("Defendant") "Motion for Resentencing," (file doc. 25), filed January 24, 2006.

On May 30, 1996, Defendant entered a plea of guilty to the charge of conspiracy to possess with intent to distribute and to distribute a quantity of marijuana. A judgment was entered against this defendant in this Court on February 21, 1997, sentencing him to 41 months of imprisonment and three years of supervised release. Although Defendant did not appeal his conviction or sentence, he filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on May 6, 1997, which was dismissed by this Court on January 27, 2000.

However, while still on supervised release for the above offense, Defendant violated the terms of his supervised release by committing another offense. On December 6, 2002, Defendant was sentenced by the Honorable Judge Curtis Collier, United States District Court Judge, Eastern District of Tennessee, to a term of 150 months imprisonment followed by a five-year term of supervised release. The offenses for which he was sentenced include conspiracy to possess with intent to distribute cocaine, possession with intent to distribute cocaine, and aiding and abetting,

and possession of a firearm in furtherance of a drug trafficking crime.

Due to the new offense, a warrant charging Defendant with violation of supervised release was issued on May 6, 2002. For the following reasons this Court withdrew the supervised release warrant and allowed the term of supervised release to expire: (1) the length of the sentence imposed for the new offense; (2) the fact that Defendant was detained for approximately 18 months prior to sentencing for the new offense; and (3) the fact that the applicable guideline range for a supervised release violation was only 12 to 18 months. Accordingly, Defendant has finished serving the sentence imposed by this Court.

In the current Motion, Defendant seeks to have this Court modify the sentence imposed by the Honorable Judge Collier. Defendant argues that the enhancement he received on his sentence from Judge Collier for his violation of supervised release placed him in double jeopardy because he had already served his sentence for the crime for which he was on supervised release. He argues that he should receive credit toward his new sentence for the time he served as part of his prior sentence by this Court. This argument is unpersuasive for several reasons.

First, and most importantly, this Court has no authority to modify a sentence imposed by another District Court. Second, Defendant was not placed in double jeopardy by the enhancement of his sentence for his violation of supervised release. While this Court had the authority to sentence Defendant for an additional 12 to 18 months for this violation, it did not do so. Thus, Defendant was only sentenced once for his violation of supervised release.

In addition, the Court will briefly address Defendant's request to have counsel appointed for purposes of this claim. There is no constitutional right to court-appointed counsel in proceedings post-sentencing, except for an appeal. Furthermore, the Court does not have the

funds available to provide defendants with court-appointed counsel to assist with post-sentencing proceedings.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Resentencing is hereby **DENIED**.

Signed: January 30, 2006

Richard L. Voorhees
Chief United States District Judge